Filed 6/15/22  Marriage of Mitchell CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of NICOLE M. and CHRISTOPHER L. MITCHELL | 2d Civil No. B311655 (Super. Ct. No. D362162) (Ventura County) |
| NICOLE M. MITCHELL,<br><br>    Appellant,<br><br>v.<br><br>CHRISTOPHER L. MITCHELL,<br><br>    Respondent, | |

Nicole M. Mitchell appeals from an order terminating the trial court's jurisdiction over spousal support.  Appellant and her former spouse, respondent Christopher L. Mitchell, represented themselves in the trial court and on appeal.  This is the second time that appellant has sought relief from this court in her marital matter.  In her previous appeal, we affirmed an order

modifying child support and denying her motion to set aside a prior child support order. (*Marriage of Mitchell* (B308861, Oct. 25, 2021) [non-pub. opn.].) Appellant's legal arguments are forfeited because they are not supported by citations to the record. Accordingly, we affirm.

*Factual and Procedural Background*

The parties married in 2003. They separated in 2014, and the marriage was dissolved in 2016. In 2016 the trial court did not order the payment of spousal support. It found that respondent "has no ability to pay spousal support after payment of child support . . . and the common necessaries of life." The court stated, "Both parties fully understand the goal of becoming self-supporting, and the Court hereby issues a **GAVRON** admonition to both parties. *Marriage of Gavron* (1988) 203 [Cal.App.3d] 705, 711-712." "[W]hat has become known as a '*Gavron* warning' is a fair warning to the supported spouse [that] he or she is expected to become self-supporting." (*In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 55.)

In April 2019 respondent filed a request for an order terminating the trial court's jurisdiction over spousal support. The court denied the request "based upon the length of the marriage and the earning potential of both parties." The court found that "neither party has the ability to pay affirmative spousal support at this time." It ordered that "the zero spousal support order will continue." The court said, "I remind [appellant] that she does indeed have a Gavron admonition to make her best efforts to become self-employed . . . ."

In July 2020 respondent filed a second request for an order terminating the trial court's jurisdiction over spousal support. Respondent claimed, "[Appellant] blatantly ignored and

continues to ignore the [*Gavron*] order. [She] has made and continues to make NO efforts to become self-supporting as required by law and ordered by this court."

The trial court granted respondent's second request. It stated: "[A]bsolutely, unequivocally in the 6 or 7 years since date of separation, [appellant], at her age and with her background and her education and her, what I presume to be good health, should have put herself in a position where she could be doing a lot more than a failing dog business and being on unemployment benefits. [¶] So sadly, the time has come. . . . [T]he court grants [respondent's] motion to jurisdictionally terminate spousal support as of today, based upon [appellant's] failure to become self-supporting and apply herself to a single occupation over the last six and a half, seven years."

*Standard of Review*

We review for abuse of discretion the trial court's order terminating its jurisdiction over spousal support. (See *In re Marriage of Kelkar* (2014) 229 Cal.App.4th 833, 845.) "[T]he appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598.) "'[T]he trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made. . . .'" (*In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 866.)

"In reviewing any order or judgment we start with the presumption that the judgment or order is correct . . . ." (*Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 299.) "'The appellant bears the burden of showing a trial court abused

3

its discretion.'" (*Ibid*.) "An attorney who prosecutes an appeal from an order addressed to the trial court's sound discretion is confronted with more than a daunting task. This is an uphill battle . . . ." (*Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448.)

*Appellant Has Forfeited Her Legal Arguments on Appeal*

Part III of appellant's opening brief is headed, "**STATEMENT OF FACTS AND PROCEDURAL HISTORY**." Part III continues for 36 pages and contains citations to the record on appeal. Appellant's arguments are set forth in part VI, which is headed "**DISCUSSION**" and continues for 12 pages. In part VI appellant makes numerous claims of trial court error. She also accuses the trial court judge of being "prejudiced toward women who divorce their husbands." Appellant asserts, "[The trial court's] ruling to terminate jurisdiction over spousal support was arbitrary, capricious, an abuse of discretion, without observance of procedure required by law, unsupported by substantial evidence, and unwarranted by the facts."

Appellant's legal arguments are forfeited because the entire argument section (part VI) of her opening brief does not contain a single citation to the record, which consists of a 758-page clerk's transcript, a 428-page augmented clerk's transcript, and reporter's transcripts. Appellant's reply brief is entirely devoid of record citations. "Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' It is well-established that "'[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]'" [Citation.] This rule applies to

4

matters referenced at any point in the brief, not just in the statement of facts." (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253.)

Appellant's citations to the record in the statement of facts and procedural history (part III) of her opening brief do not compensate for the total lack of record citations in the argument section. In *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 (*Barringer*), the appellate court refused to consider the Barringers' argument that the trial court had abused its discretion because "the Barringers in this portion of their brief fail to provide any citations to the record to support any of the assertions as to what the record shows on this point, as required by [the] California Rules of Court . . . ." The appellate court continued, "The Barringers' petition for rehearing argues . . . that, although the 'Argument' portion of their brief lacked record citations, they satisfied the rule by providing a 'Factual Background,' with record citations, at the beginning of their brief. The Barringers' position, for which they cite no authority, is inconsistent with [the California Rules of Court] which require a record citation for each reference. [¶] . . . [¶] . . . [A]ny reference in the brief must be supported by a citation, regardless of where in the brief that reference appears. This is . . . the only construction consistent with the purpose of the citation requirement, which is to enable appellate justices and staff attorneys to locate relevant portions of the record expeditiously without thumbing through and rereading earlier portions of a brief." (*Id.* at p. 1239, fn. 16.)

The *Barringer* rule and justification for the rule were reiterated in *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8 (*Alki Partners*): "The factual portion

5

of appellants' opening brief does contain citations to evidence. However, such citations do not cure the failure to cite evidence in the argument section of the brief, and we will not pick and choose the portions of the brief in the statement of facts that we may think are applicable to each assertion in the argument.  Rule 8.204(a)(1)(C) is intended to enable the reviewing court to locate relevant portions of the record 'without thumbing through and rereading earlier portions of a brief.'  ([*Barringer*]*, supra,* 102 Cal.App.4th at p. 1239, fn. 16.)  To provide record citations for alleged facts at some points in a brief, but not at others, frustrates the purpose of that rule, and courts will decline to consider any factual assertion unsupported by record citation at the point where it is asserted."

Appellant was given fair warning of the *Barringer* rule in our opinion in her first appeal, which was filed six weeks before appellant filed her opening brief in the present appeal.  In the opinion we stated:  "[Appellant's] claims [concerning the calculation of child support] are also forfeited because the argument in her opening brief (pages 23-24) is devoid of supporting citations to the record.  '"Any statement in a brief concerning matters in the appellate record—whether factual or procedural and no matter where in the brief the reference to the record occurs—*must be supported by a citation to the record*."'  (*Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 970.)  'Thus, "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. . . ."'  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)  [Appellant] 'is not exempt from the foregoing rules because [s]he is representing

6

[her]self on appeal in propria persona.' (*Ibid.*)" (*Marriage of Mitchell, supra*, slip opn. at p. 11.)

Accordingly, "[b]y failing to support the factual assertions in [her] legal arguments with citations to the evidence [in the record], [appellant has] forfeited [her] argument[s] . . . ." (*Alki Partners, supra*, 4 Cal.App.5th at p. 590.)

Even though appellant has forfeited her arguments on appeal, we nevertheless conclude that, forfeiture aside, appellant has not overcome the heavy burden of showing an abuse of discretion. The trial court did not exceed the bounds of reason in concluding that, despite receiving two *Gavron* warnings, appellant had not made sufficient efforts toward becoming self-supporting.

### Disposition

The order terminating the trial court's jurisdiction over spousal support is affirmed. Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

7

John Smiley, Judge

Superior Court County of Ventura

_____


Nicole M. Mitchell, in pro. per., for Appellant.

Chris M. Mitchell, in pro. per., for Respondent.